**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| AMMAR MAHDI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 10 cv 123 - MJR |
| | ) | |
| CHHABRA, JOGENDRA, M.D.; | ) | |
| MIKHAIL MAGDEL, M.D. and | ) | |
| WEXFORD HEALTH SOURCES, INC., | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT, DR. JOGENDRA CHHABRA, M.D.'S, ANSWER**
**AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

NOW COMES the Defendant, DR. JOGENDRA CHHABRA, M.D., by and through his

attorneys, SANCHEZ DANIELS & HOFFMAN, LLP, and for his Answer to Plaintiff's

Complaint, states as follows:

COUNT I
(Medical Negligence)

1.      The Plaintiff, AMMAR MAHDI, is presently a resident of Chicago, Illinois,

and formerly was a resident at Big Muddy River Correctional Center in Ina, Illinois under

Reg. No. 61291.

**ANSWER:**   Defendant states that he does not have sufficient information at the present time
upon which to base a belief as the truth of the allegations contained in Paragraph
1 of Count I of Plaintiff's Complaint at Law and neither admits nor denies same,
but demands strict proof thereof.

2.      The Defendant, WEXFORD HEALTH SOURCES, INC., is a corporation

engaged in the business of providing medical care services, including physicians, nurses and

other services, and did contract with the Illinois Department of Corrections to provide

medical care to inmates at Big Muddy River Correctional Center at all times material hereto.

**ANSWER:**   This Defendant admits the allegations contained in paragraph 2 of Count I of Plaintiff's Complaint.

3.    The Defendant, CHHABRA, JOGENDRA M.D. is, and at all material times was, a physician and surgeon duly licensed to practice his profession in the State of Illinois, and as an employee of WEXFORD HEALTH SOURCES, INC., was Medical Director and rendered services as a physician at Big Muddy River Correctional Center during the time alleged.

**ANSWER:**   This Defendant admits the allegations contained in paragraph 3 of Count I of Plaintiff's Complaint.

4.    The Defendant, MIKHAIL MAGDEL, M.D, is, and at all material times was, a physician and surgeon duly licensed to practice his profession in the State of Illinois, and as an employee of WEXFORD HEALTH SOURCES, INC., rendered services as a physician at Big Muddy River Correctional Center.

**ANSWER:**   This Defendant admits the allegations contained in paragraph 4 of Count I of Plaintiff's Complaint.

5.    On or about October 16, 2007 the Plaintiff arrived at Big Muddy River Correctional Center.

**ANSWER:**   Defendant states that he does not have sufficient information at the present time upon which to base a belief as the truth of the allegations contained in Paragraph 5 of Count I of Plaintiff's Complaint at Law.

6.    Prior to said date, the Plaintiff had developed an infection in the joint of his left elbow, on which surgery had previously been done.

**ANSWER:**   Defendant states that he does not have sufficient information at the present time upon which to base a belief as the truth of the allegations contained in Paragraph 6 of Count I of Plaintiff's Complaint at Law and neither admits nor denies same, but demands strict proof thereof.

7.     The infection caused Plaintiff severe burning pain, which had been present and worsening for approximately two months, and he requested to be seen at sick call.

**ANSWER:**     Defendant states that he does not have sufficient information at the present time upon which to base a belief as the truth of the allegations contained in Paragraph 7 of Count I of Plaintiff's Complaint at Law and neither admits nor denies same, but demands strict proof thereof.

8.     On December 14, 2007 the Plaintiff became a patient of and was seen by the Defendant, CHHABRA, JOGENDRA, M.D., in the scope of his employment for WEXFORD HEALTH SOURCES, INC., with a history of burning pain in the left elbow at the site of an injection while he was a Cook County Jail, and complaints of swelling and pain in the left elbow.

**ANSWER:**     Defendant states that he does not have sufficient information at the present time upon which to base a belief as the truth of the allegations contained in Paragraph 8 of Count I of Plaintiff's Complaint at Law and neither admits nor denies same, but demands strict proof thereof.

9.     The Defendant had the Plaintiff's medical chart which included notes of burning pain in the left elbow in September, 2007, of the history of prior surgical repair of the left elbow.

**ANSWER:**     Defendant states that he does not have sufficient information at the present time upon which to base a belief as the truth of the allegations contained in Paragraph 9 of Count I of Plaintiff's Complaint at Law and neither admits nor denies same, but demands strict proof thereof.

10.     Burning pain and swelling are common signs of an infection.

**ANSWER:**     Without further specified detail, this allegation is denied.

11.     On December 28, 2007 Plaintiff was seen by a nurse who noted sharp, burning pain in the left elbow and some sores on the left elbow.

**ANSWER:**   Defendant states that he does not have sufficient information at the present time upon which to base a belief as the truth of the allegations contained in Paragraph 11 of Count I of Plaintiff's Complaint at Law and neither admits nor denies same, but demands strict proof thereof.

12.     Although the Plaintiff's pain and swelling persisted, and he made requests to be seen by the doctor, the Defendant, CHHABRA JOGENDRA, M.D. did not see the Plaintiff.

**ANSWER:**   This Defendant denies the allegations contained in paragraph 12 of Count I of Plaintiff's Complaint.

13.     Plaintiff remained under the care of CHHABRA JOGENDRA, M.D. until March, 2008.

**ANSWER:**   Defendant states that he does not have sufficient information at the present time upon which to base a belief as the truth of the allegations contained in Paragraph 13 of Count I of Plaintiff's Complaint at Law and neither admits nor denies same, but demands strict proof thereof.

14.     At all material times it was the duty of the Defendant, WEXFORD HEALTH SOURCES, INC., acting by their employee, CHHABRA JOGENDRA, M.D., to exercise the skill and care of a reasonably careful and competent physician in the care and treatment of Plaintiff.

**ANSWER:**   Defendant denies that Paragraph 14 correctly sets forth the duty that Defendant owes to Plaintiff and denies that Defendant violated any duty owed to Plaintiff and further denies the remaining allegations contained in said Paragraph 14 of Count I of Plaintiff's Complaint at Law.

4

15.    Notwithstanding said duty, the Defendant, WEXFORD HEALTH SOURCES, INC., acting by their employee, CHHABRA JOGENDRA, M.D., did commit one or more of the following negligent acts and/or omissions:

     a.    Failed to refer Plaintiff to an orthopedic specialist or emergency room for diagnosis and treatment of the infection.

     b.    Failed to schedule any follow up visit to follow Plaintiff's condition;

     c    Failed to diagnose and treat the infection in Plaintiff's left elbow;

     d.    Failed to prescribe medication to treat the infection and/or Plaintiff's pain.

**ANSWER:**    Defendant denies the allegations contained in paragraph 15 of Count I of Plaintiff's Second Amended Complaint at Law, subparagraphs (a) through (d), inclusive, and each and every one of them.

16.    As a direct and proximate result of the Defendants' negligent acts and/or omissions, the Plaintiff's infection continued for a prolonged period of time and worsened, resulting in serious injuries of a permanent nature.

**ANSWER:**    This Defendant denies the allegations contained in paragraph 16 of Count I of Plaintiff's Complaint.

17.    As a direct and proximate result of the Defendants' negligent acts and/or omissions, the Plaintiff was caused to and did suffer, and in the future will suffer, great pain in both body and mind; and was caused to suffer, and in the future will suffer, loss of a normal life and disability; and expended, and in the future will be compelled to expend, great sums of money endeavoring to be cured of his injuries.

**ANSWER:**    This Defendant denies the allegations contained in paragraph 17 of Count I of Plaintiff's Complaint and each and every one of them

WHEREFORE, the Defendant, DR. JOGENDRA CHHABRA, M.D., denies that Plaintiff is entitled to judgment against it in any sum whatsoever, and prays that this Honorable Court dismiss Plaintiff's Complaint in its entirety with prejudice, plus costs of suit.

DEFENDANT DEMANDS A TRIAL BY JURY.

COUNT II
(Medical Negligence)

1.-6.     Plaintiff readopts and realleges the allegations of Paragraphs 1 through 6 of Count I as the allegations of Paragraphs 1 through 6 of Count II as though set forth fully herein.

**ANSWER:**     This Defendant adopts and restates its answers to paragraphs 1 through 6 of Count I as paragraphs 1 through 6 of Count II as fully set forth herein.

7.     Plaintiff's infection in the left elbow was undiagnosed and untreated while he remained under the care of DR. JOGENDRA.

**ANSWER:**     Defendant denies the allegations in paragraph 7 of Count II of Plaintiff's Complaint.

8.     On or about March 5, 2008, Plaintiff became a patient of the Defendant, MIKHAIL MAGDEL, M.D. for his left elbow, and was sent to Crossroads Hospital.

**ANSWER:**     Defendant makes no response to the allegations contained in paragraph 8 of Count II of Plaintiff's Complaint for the reason that these allegations are not directed against him. To the extent that any said allegation is directed against this Defendant, each and every allegation is denied.

9.      On March 5, 2008 at Crossroads Hospital, serious infection in the left elbow was diagnosed, drainage was done, and they advised that the Plaintiff was to return in one week.

**ANSWER:**     Defendant makes no response to the allegations contained in paragraph 9 of Count II of Plaintiff's Complaint for the reason that these allegations are not directed against him. To the extent that any said allegation is directed against this Defendant, each and every allegation is denied.

10.      The Defendant, MIKHAIL, MAGDEL, M.D. did not return Plaintiff to Crossroads Hospital in one week.

**ANSWER:**     Defendant makes no response to the allegations contained in paragraph 10 of Count II of Plaintiff's Complaint for the reason that these allegations are not directed against him. To the extent that any said allegation is directed against this Defendant, each and every allegation is denied.

11.      On March 18, 2008 Plaintiff saw the Defendant, MIKHAIL MAGDEL, M.D., and the Defendant noted that he still has pain, swelling, tenderness and discharge from the joint one week after drainage of the infection, and suspected osteomylitis.

**ANSWER:**     Defendant makes no response to the allegations contained in paragraph 11 of Count II of Plaintiff's Complaint for the reason that these allegations are not directed against him. To the extent that any said allegation is directed against this Defendant, each and every allegation is denied.

12.      Plaintiff remained under the care of MIKHAIL MAGDEL, M.D. beyond April 21, 2008.

**ANSWER:**     Defendant makes no response to the allegations contained in paragraph 12 of Count II of Plaintiff's Complaint for the reason that these allegations are not directed against him. To the extent that any said allegation is directed against this Defendant, each and every allegation is denied.

13.     At all material times it was the duty of the Defendant, WEXFORD HEALTH

SOURCES, INC., acting by their employee, MIKHAIL MAGDEL, M.D., to exercise the

skill and care of a reasonably careful and competent physician in the care and treatment of

Plaintiff.

**ANSWER:**     Defendant makes no response to the allegations contained in paragraph 13 of Count II of Plaintiff's Complaint for the reason that these allegations are not directed against him. To the extent that any said allegation is directed against this Defendant, each and every allegation is denied.

14.     Notwithstanding    said    duty,    the    Defendant,    WEXFORD    HEALTH

SOURCES, INC., acting by their employee, MIKHAIL MAGDEL, M.D., did commit one

or more of the following negligent acts and/or omissions:

       a.     Failed to return the Plaintiff to the hospital in one week;

       b.     Failed to refer promptly Plaintiff to an orthopedic specialist for of the infection after he returned from Crossroads Hospital;

       c.     Failed to send Plaintiff to an emergency room after he returned from Crossroads Hospital.

**ANSWER:**     Defendant makes no response to the allegations contained in paragraph 14 of Count II of Plaintiff's Complaint, subparagraphs (a) through (e), inclusive, for the reason that these allegations are not directed against him. To the extent that any said allegation is directed against this Defendant, each and every allegation is denied.

15.     Plaintiff did not receive the orthopedic consultation until April 8, 2008 and

did not have surgery until April 21, 2008.

**ANSWER:**     Defendant makes no response to the allegations contained in paragraph 15 of Count II of Plaintiff's Complaint for the reason that these allegations are not directed against him. To the extent that any said allegation is directed against this Defendant, each and every allegation is denied.

16.     As a direct and proximate result of the Defendants' negligent acts and/or omissions, the Plaintiff's infection continued for a prolonged period of time and worsened, resulting in serious injuries of a permanent nature.

**ANSWER:**     Defendant makes no response to the allegations contained in paragraph 16 of Count II of Plaintiff's Complaint for the reason that these allegations are not directed against him. To the extent that any said allegation is directed against this Defendant, each and every allegation is denied.

17.     As a direct and proximate result of the Defendants' negligent acts and/or omissions, the Plaintiff was caused to and did suffer, and in the future will suffer, great pain in both body and mind; and was caused to suffer, and in the future will suffer, loss of a normal life and disability; and expended, and in the future will be compelled to expend, great sums of money endeavoring to be cured of his injuries.

**ANSWER:**     Defendant makes no response to the allegations contained in paragraph 17 of Count II of Plaintiff's Complaint for the reason that these allegations are not directed against him. To the extent that any said allegation is directed against this Defendant, each and every allegation is denied.

WHEREFORE, the Defendant, DR. JOGENDRA CHHABRA, M.D., denies that Plaintiff is entitled to judgment against it in any sum whatsoever, and prays that this Honorable Court dismiss Plaintiff's Complaint in its entirety with prejudice, plus costs of suit.

DEFENDANT DEMANDS A TRIAL BY JURY.

## COUNT III
(42 U.S.C. §1983, Civil Rights)

1.-6.   Plaintiff readopts and realleges the allegations of Paragraphs 1 through 6 of Count I as the allegations of Paragraphs 1 through 6 of Count III, as though set forth fully herein.

**ANSWER:**     This Defendant adopts and restates its answers to paragraphs 1 through 6 of Count I as paragraphs 1 through 6 of Count III as fully set forth herein.

7.      The Defendants are sued in their individual capacities in Count III.

**ANSWER:**   This Defendant admits the allegations contained in paragraph 7 of Count III of Plaintiff's Complaint.


8.      The infection in Plaintiff's left elbow caused severe burning pain, which had been present and worsening for approximately two months, and he requested to be seen at sick call.

**ANSWER:**   Defendant states that he does not have sufficient information at the present time upon which to base a belief as the truth of the allegations contained in Paragraph 8 of Count III of Plaintiff's Complaint at Law and neither admits nor denies same, but demands strict proof thereof.


9.      Plaintiff was scheduled to be seen at sick call on December 12, 2007, but MD sick call was cancelled because the Defendant, CHHABRA JOGENDRA M.D. was not available.

**ANSWER:**   Defendant states that he does not have sufficient information at the present time upon which to base a belief as the truth of the allegations contained in Paragraph 9 of Count III of Plaintiff's Complaint at Law and neither admits nor denies same, but demands strict proof thereof.


10.      December 14, 2007 the Plaintiff was seen by the Defendant, CHHABRA JOGENDRA, M.D., with a history of burning pain in the left elbow at the site of an injection while he was at Cook County Jail, and complaints of swelling and pain in the elbow.

**ANSWER:**   Defendant states that he does not have sufficient information at the present time upon which to base a belief as the truth of the allegations contained in Paragraph 10 of Count III of Plaintiff's Complaint at Law and neither admits nor denies same, but demands strict proof thereof.

11.     Although the Defendant had the Plaintiff's medical chart which included notes of burning pain in the left elbow in September, 2007, knew of the Plaintiff's complaints of swelling and pain the left elbow for 2 months, knew of the history of prior surgical repair of the left elbow, and knew of the risk of serious infection in the left elbow and the risk to the Plaintiff's health which presented an emergency condition, the Defendant ignored the Plaintiff's complaints and the risk to his health, rendered no treatment, did not prescribe any medication for pain, and ordered no follow up visit.

**ANSWER:**   Defendant denies the allegations in paragraph 11 of Count III of Plaintiff's Complaint.


12.     On December 28, 2007 Plaintiff was seen by a nurse who noted sharp, burning pain in the left elbow and some sores on the left elbow.

**ANSWER:**   Defendant states that he does not have sufficient information at the present time upon which to base a belief as the truth of the allegations contained in Paragraph 12 of Count III of Plaintiff's Complaint at Law and neither admits nor denies same, but demands strict proof thereof.


13.     Although the Plaintiff's pain and swelling persisted, and he made requests to be seen by the doctor, the Defendant, CHHABRA JOGENDRA, M.D. did not see the Plaintiff.

**ANSWER:**   Defendant denies the allegations in paragraph 13 of Count III of Plaintiff's Complaint.

14.     Finally, on March 5, 2008 the Plaintiff was seen by the and again complained of burning pain and swelling in the left elbow, and the nurse noted very poor range of motion, elbow red in color and referred him to MD sick call.

**ANSWER:**     Defendant states that he does not have sufficient information at the present time upon which to base a belief as the truth of the allegations contained in Paragraph 14 of Count III of Plaintiff's Complaint at Law and neither admits nor denies same, but demands strict proof thereof.

15.     Plaintiff appeared to see the Defendant, MIKHAIL MAGDEL, M.D. on March 5, 2008 at MD sick call, for his left elbow, and was sent to Crossroads Hospital.

**ANSWER:**     Defendant makes no response to the allegations contained in paragraph 15 of Count III of Plaintiff's Complaint for the reason that these allegations are not directed against him. To the extent that any said allegation is directed against this Defendant, each and every allegation is denied.

16.     On March 5, 2008 at Crossroads Hospital, serious infection in the left elbow was diagnosed, drainage was done, and they advised that Plaintiff was to return in one week.

**ANSWER:**     Defendant states that he does not have sufficient information at the present time upon which to base a belief as the truth of the allegations contained in Paragraph 16 of Count III of Plaintiff's Complaint at Law and neither admits nor denies same, but demands strict proof thereof.

17.     On March 6, 2008 the Plaintiff was seen by a nurse who noted "I can't take this pain", swelling present in the left elbow, pain 9 on a score of 10.

**ANSWER:**     Defendant states that he does not have sufficient information at the present time upon which to base a belief as the truth of the allegations contained in Paragraph 17 of Count III of Plaintiff's Complaint at Law and neither admits nor denies same, but demands strict proof thereof.

18.     Dr. Obassi at Crossroads Hospital was phoned and gave orders for antibiotic treatment, and pain medication.

**ANSWER:**     Defendant states that he does not have sufficient information at the present time upon which to base a belief as the truth of the allegations contained in Paragraph 18 of Count III of Plaintiff's Complaint at Law and neither admits nor denies same, but demands strict proof thereof.

19.     On March 7, 2008 the Plaintiff saw a doctor at the Health Care Unit, and again complained of the intense,  constant pain with increased swelling, and the doctor noted redness and tenderness of the left elbow with purulent drainage from the wound.

**ANSWER:**     Defendant states that he does not have sufficient information at the present time upon which to base a belief as the truth of the allegations contained in Paragraph 19 of Count III of Plaintiff's Complaint at Law and neither admits nor denies same, but demands strict proof thereof.

20.     On March 8, 2008 at 3:00 a.m. the Plaintiff again went to the health care unit and complained that he had an emergency with immense pain in the left elbow, and the nurse noted redness of the arm, warmth and swelling above and below the elbow.

**ANSWER:**     Defendant states that he does not have sufficient information at the present time upon which to base a belief as the truth of the allegations contained in Paragraph 20 of Count III of Plaintiff's Complaint at Law and neither admits nor denies same, but demands strict proof thereof.

21.     On the evening of March 8, 2008 Plaintiff again went to health care unit complaining of his left elbow and his emergency need.

**ANSWER:**     Defendant states that he does not have sufficient information at the present time upon which to base a belief as the truth of the allegations contained in Paragraph 21 of Count III of Plaintiff's Complaint at Law and neither admits nor denies same, but demands strict proof thereof.

22.     On March 18, 2008 Plaintiff saw the Defendant, MIKHAIL MAGDEL, M.D., and complained again of the infection and pain in the left elbow, and the Defendant noted that he still has pain, swelling, tenderness and discharge from the joint one week after drainage of the infection, and suspected osteomylitis.

**ANSWER:**   Defendant makes no response to the allegations contained in paragraph 22 of Count III of Plaintiff's Complaint for the reason that these allegations are not directed against him. To the extent that any said allegation is directed against this Defendant, each and every allegation is denied.

23.     On March 18, 2008 the Defendant, MIKHAIL MAGDEL, M.D., knew that the Plaintiff was to return to Crossroads Hospital one week after drainage of the elbow infection, knew that the Plaintiff continued to have intense pain, swelling, tenderness and infection of the left elbow which presented an emergency condition, knew that the infection presented a serious risk to the Plaintiff's health, but ignored the risk and did not send him back to Crossroads Hospital and did not request an emergency orthopedic consultation

**ANSWER:**   This Defendant denies the allegations contained in paragraph 23 of Count III of Plaintiff's Complaint and each and every one of them.

24.     On March 18, 2008 a different physician, Dr. Jill Wahl, completed a referral form for Plaintiff to see a specialist on March 24, 2008.

**ANSWER:**   Defendant states that he does not have sufficient information at the present time upon which to base a belief as the truth of the allegations contained in Paragraph 24 of Count III of Plaintiff's Complaint at Law and neither admits nor denies same, but demands strict proof thereof.

25.     Plaintiff was not seen by a specialist on March 24, 2008.

**ANSWER:**   Defendant states that he does not have sufficient information at the present time upon which to base a belief as the truth of the allegations contained in Paragraph 25 of Count III of Plaintiff's Complaint at Law and neither admits nor denies same, but demands strict proof thereof.

26.    On March 25, 2008 Plaintiff was again seen by the Defendant, MIKHAIL

MAGDEL, M.D. for follow up regarding his left elbow and requested care by a specialist.

**ANSWER:**    Defendant makes no response to the allegations contained in paragraph 26 of
Count III of Plaintiff's Complaint for the reason that these allegations are not
directed against him. To the extent that any said allegation is directed against this
Defendant, each and every allegation is denied.

27.    Although the Defendant, MIKHAIL MAGDEL, M.D., knew that the Plaintiff

was to return to Crossroads Hospital on or about March 12, 2008 and had not been returned

there, and knew that a consultation with the specialist had been requested for March 24,

2008 and had not been done, knew that the infection in the left elbow had continued for

three months and presented a serious risk to the Plaintiff's health and was an emergency

condition, the Defendant did not send the Plaintiff to an emergency room or request an

emergency orthopedic consultation.

**ANSWER:**    Defendant makes no response to the allegations contained in paragraph 27 of
Count III of Plaintiff's Complaint for the reason that these allegations are not
directed against him. To the extent that any said allegation is directed against this
Defendant, each and every allegation is denied.

28.    On April 2, 2008 Plaintiff was seen by a nurse who noted infection of left

arm to the elbow.

**ANSWER:**    Defendant states that he does not have sufficient information at the present time
upon which to base a belief as the truth of the allegations contained in Paragraph
28 of Count III of Plaintiff's Complaint at Law and neither admits nor denies
same, but demands strict proof thereof.

29.     Although the Plaintiff's infected left elbow was an emergency condition which threatened his health, the Defendant, MICHAEL MAGDEL, M.D. never referred Mr. Mahdi to an emergency room and never requested an emergency orthopedic consultation.

**ANSWER:**    Defendant makes no response to the allegations contained in paragraph 29 of Count III of Plaintiff's Complaint for the reason that these allegations are not directed against him. To the extent that any said allegation is directed against this Defendant, each and every allegation is denied.

30.     Finally, on April 5, 2008 an x-ray was ordered and taken of the left elbow by order of Dr. Wahl.

**ANSWER:**    Defendant states that he does not have sufficient information at the present time upon which to base a belief as the truth of the allegations contained in Paragraph 30 of Count III of Plaintiff's Complaint at Law and neither admits nor denies same, but demands strict proof thereof.

31.     Plaintiff did not receive the orthopedic consultation until April 8, 2008 and did not have surgery until April 21, 2008.

**ANSWER:**    Defendant states that he does not have sufficient information at the present time upon which to base a belief as the truth of the allegations contained in Paragraph 31 of Count III of Plaintiff's Complaint at Law and neither admits nor denies same, but demands strict proof thereof.

32.     As a result of the length of time the infection persisted in the left elbow as a result of the Defendants' disregard for the urgent need for treatment, Plaintiff sustained serious and permanent injuries.

**ANSWER:**    This Defendant denies the allegations contained in paragraph 32 of Count III of Plaintiff's Complaint and each and every one of them.

33.     At all material times, it was the duty of the Defendants, CHHABRA JOGENDRA M.D. and MICHAEL MAGDEL, M.D. to provide necessary medical care to the Plaintiff.

**ANSWER:**   Defendant denies that Paragraph 33 correctly sets forth the duty that Defendant owes to Plaintiff and denies that Defendant violated any duty owed to Plaintiff and further denies the remaining allegations contained in said Paragraph 33 of Count III of Plaintiff's Complaint at Law.

34.     Notwithstanding said duty, the Defendants did disregard the Plaintiff's complaints, symptoms and emergency condition, and did refuse to send Plaintiff to an emergency room or obtain an emergency orthopedic consultation for diagnosis and necessary medical care to the Plaintiff until permanent damage was done.

**ANSWER:**   This Defendant denies the allegations contained in paragraph 34 of Count III of Plaintiff's Complaint and each and every one of them.

35.     The Defendants had the duty and the power to obtain the necessary medical care for the Plaintiff, and refused to do so with reckless disregard for the Plaintiff's constitutional right to be free from cruel and unusual punishment under the Eight and Fourteenth Amendments to the U.S. Constitution, as well as for the safety and health of the Plaintiff.

**ANSWER:**   Defendant denies that Paragraph 35 correctly sets forth the duty that Defendant owes to Plaintiff and denies that Defendant violated any duty owed to Plaintiff and further denies the remaining allegations contained in said Paragraph 35 of Count III of Plaintiff's Complaint at Law.

36.     In refusing to provide necessary medical care to the Plaintiff the Defendants also violated 730 ILCS 5/3-7-2 (d).

**ANSWER:**   This Defendant denies the allegations contained in paragraph 36 of Count III of Plaintiff's Complaint.

37.    In committing the wrongs complained of, the Defendants caused the Plaintiff to suffer intense pain for a prolonged period of time as well as permanent injuries, which inflicted cruel and unusual punishment upon him.

**ANSWER:**    This Defendant denies the allegations contained in paragraph 37 of Count III of Plaintiff's Complaint and each and every one of them.

38.    As a direct result of the Defendants' refusal to provide necessary medical care, the Plaintiff was deprived of his constitutional right to be free from cruel and unusual punishment, and was denied prompt treatment for his infection which caused him to sustain permanent injuries.

**ANSWER:**    This Defendant denies the allegations contained in paragraph 38 of Count III of Plaintiff's Complaint and each and every one of them.

39.    As a direct result of the wrongful conduct of the Defendants, the Plaintiff was caused to and did suffer, and in the future will suffer, great pain in both body and mind, permanent disability and loss of a normal life, and in the future will be compelled to expend great sums of money for medical care and services endeavoring to be cured of his injuries.

**ANSWER:**    This Defendant denies the allegations contained in paragraph 39 of Count III of Plaintiff's Complaint and each and every one of them.

WHEREFORE, the Defendant, DR. JOGENDRA CHHABRA, M.D., denies that Plaintiff is entitled to judgment against it in any sum whatsoever, and prays that this Honorable Court dismiss Plaintiff's Complaint in its entirety with prejudice, plus costs of suit.

DEFENDANT DEMANDS A TRIAL BY JURY.

## **AFFIRMATIVE DEFENSES**

NOW COMES the Defendant, DR. JOGENDRA CHHABRA, M.D., and for his Affirmative Defenses to each and every Count of Plaintiff's Complaint states:

1) Plaintiff has failed to allege facts sufficient to state a claim against DR. JOGENDRA CHHABRA, M.D. upon which relief can be granted.

2) Plaintiff was provided care and treatment to a reasonable degree of medical certainty and, therefore, any recovery by Plaintiffs against DR. JOGENDRA CHHABRA, M.D. is barred.

3) There was a sole, intervening, or superseding cause of Plaintiff's alleged injuries and, therefore, any recovery by Plaintiff against DR. JOGENDRA CHHABRA, M.D. is barred.

4) The negligence, fault, or carelessness of Plaintiff caused or contributed to Plaintiff's alleged injuries and, therefore, any recovery by Plaintiff against DR. JOGENDRA CHHABRA, M.D. is barred or diminished in proportion to the amount of negligence, fault, or carelessness attributable to Plaintiff.

5) The negligence, fault, or carelessness of other parties, persons or entities over which DR. JOGENDRA CHHABRA, M.D. had no control, caused or contributed to Plaintiff's alleged injuries and, therefore, any recovery by Plaintiff against DR. JOGENDRA CHHABRA, M.D. is barred or diminished in proportion to the amount of negligence, fault, or carelessness attributable to such persons or entities.

6) DR. JOGENDRA CHHABRA, M.D. reserves the right to assert any additional defenses as may become available through investigation and discovery and to adopt and assert any defenses raised or asserted by any other defendant, if any, to this action.

WHEREFORE, Defendant, DR. JOGENDRA CHHABRA, M.D., denies Plaintiff is entitled to judgment in any sum whatsoever and prays that this Court dismiss Plaintiff's Complaint with prejudice and without costs.

DEFENDANT DEMANDS TRIAL BY JURY.

Respectfully submitted,

**SANCHEZ DANIELS & HOFFMAN LLP**

By: /s/Timothy V. Hoffman
    Attorneys for Defendant
    DR. JOGENDRA CHHABRA, M.D.

Timothy V. Hoffman, ARDC #6186716
Michelle A. Franz, ARDC #6279409
**SANCHEZ DANIELS & HOFFMAN LLP**
333 West Wacker Drive
Suite 500
Chicago, Illinois 60606
(312) 641-1555

## CERTIFICATE OF SERVICE

I hereby certify that on May 11, 2010, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following:

Ms. Barbara J. Clinite
P.O. Box 2451
Chicago, Illinois 60690-2451
*Attorney for Plaintiff*

Mr. Richard A. Tjepkema
Charysh & Schroeder, Ltd.
33 North Dearborn Street
Suite 1300
Chicago, Illinois 60602
*Attorneys for Wexford Health Sources, Inc.*

/s/Timothy V. Hoffman_____